IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DIEGO A. ACEVEDO,

    Plaintiff

v.                                                               C.A. No.: 1:20-cv-1251

JUBILEE BUSINESS LLC, D/B/A SNACK TIME,
and, NOMAN KHOWAJA,

    Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DIEGO A. ACEVEDO, by and through his undersigned counsel, hereby sues Defendants, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, and NOMAN KHOWAJA, and in support thereof states as follows:

### **BACKGROUND FACTS**

1. Plaintiff, DIEGO A. ACEVEDO, is an individual residing in Travis County, Texas.

2. In February of 2000, Plaintiff, DIEGO A. ACEVEDO, began working for Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, as a cashier at the hourly rate of $10.00 per hour. In September of 2020, Plaintiff's rate of pay changed to $11.00 per hour.

3. Plaintiff's duties included processing credit cards and the handling of goods and materials that originated from outside the state of Texas, and other duties

for Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME.

4. Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, operates a convenience store in Travis County, Texas.

5. Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

6. Plaintiff situated, handled goods and products that were made for, or moving in, interstate commerce.

7. Defendant, NOMAN KHOWAJA, is an individual residing in Travis County, Texas, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, in relationship to Plaintiff.

8. Defendant, NOMAN KHOWAJA, is an owner of Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME.

9. Defendants, NOMAN KHOWAJA, had knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

10. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## **UNPAID OVERTIME WAGES UNDER FLSA**

11. This is an action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

12. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

13. Venue is proper in this district under 28 U.S.C. § 1391.

14. Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, is a corporation formed and existing under the laws of the State of Texas and maintains offices in Travis County, Texas.

15. Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

16. At all times material to this complaint, Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

17. At all times material to this complaint, Defendant, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

18. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout his employment, Plaintiff was individually covered under the FLSA.

19. At all times material to this complaint, Defendant, NOMAN KHOWAJA, owned and operated JUBILEE BUSINESS LLC, D/B/A SNACK TIME in Travis County, Texas, and Plaintiff's claims herein arose in Travis County, Texas.

20. At all times material hereto, Defendant, NOMAN KHOWAJA, as an agent of JUBILEE BUSINESS LLC, D/B/A SNACK TIME (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendant, NOMAN KHOWAJA, is an "employer" as defined by 29 U.S.C. § 203(d).

21. Plaintiff worked for Defendants from February of 2000 until November 23, 2020, but was not paid one and one half-times Plaintiff's regular rate for all hours worked in excess of 40 during the workweek in accordance with the FLSA. Defendants paid Plaintiff via a payroll check for his initial 40 hours worked each

workweek and paid him his hourly rate in cash for all hours over 40 worked in each workweek. Thus, Plaintiff is entitled to recover the additional half-time premium owed for all hours over 40 worked in each workweek.

22. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. Defendants have willfully failed to pay Plaintiff overtime wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

24. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

25. As a result of Defendant's unlawful conduct, Plaintiff, DIEGO A. ACEVEDO, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

26. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DIEGO A. ACEVEDO, demand Judgment, jointly and severally, against Defendants, JUBILEE BUSINESS LLC, D/B/A SNACK TIME, and NOMAN KHOWAJA, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, DIEGO A. ACEVEDO, demands a jury trial on all issues so triable.

Respectfully submitted December 28, 2020.

**ROSS • SCALISE LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701

        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawgroup.com
        Attorneys for Plaintiff